IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC,          ) | |
|          ) | Civil Action File |
| Plaintiff,    ) | |
|          ) | |
| vs.          ) | No. 6:11cv48 |
|          ) | |
| ABB INC.; COULOMB    ) | |
| TECHNOLOGIES, INC.; ECOTALITY, ) | |
| INC.; ELECTRIC TRANSPORTATION ) | |
| ENGINEERING CORPORATION dba ) | |
| ECOTALITY NORTH AMERICA;   ) | |
| ENERGYHUB, INC.; JETLUN   ) | |
| CORPORATION; INGERSOLL-RAND ) | **JURY TRIAL DEMANDED** |
| COMPANY; INGERSOLL-RAND   ) | |
| SCHLAGE LOCK HOLDING   ) | |
| COMPANY LLC; SCHLAGE LOCK ) | |
| COMPANY; TRANE, INC.; and ) | |
| SMARTLABS, INC.       ) | |
|          ) | |
| Defendants.   ) | |
|          ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SIPCO, LLC ("SIPCO") hereby makes this Complaint for patent

infringement against Defendants ABB INC. ("ABB"), COULOMB

TECHNOLOGIES, INC. ("Coulomb Technologies"), ECOTALITY, INC.

("ECOtality"), ELECTRIC TRANSPORTATION ENGINEERING

CORPORATION dba ECOTALITY NORTH AMERICA ("ECOtality NA"),

ENERGYHUB, INC. ("EnergyHub"), JETLUN CORPORATION ("Jetlun"),

INGERSOLL-RAND COMPANY ("Ingersoll-Rand"), INGERSOLL-RAND SCHLAGE LOCK HOLDING COMPANY LLC ("Schlage Holding"), SCHLAGE LOCK COMPANY ("Schlage Co. "), TRANE, INC. ("Trane"),  and SMARTLABS, INC. ("SmartLabs") (collectively, "Defendants"), and respectfully shows the Court as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement, brought under the Patent Act, 35 U.S.C. §§ 101 *et seq*.  Plaintiff SIPCO is the leading company in the design and development of wireless mesh networks. As set forth more fully below, Defendants are willfully infringing a number of SIPCO's patents.

2.      U.S. Patent No. 7,103,511 (the "'511 Patent"), entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices," was duly and legally issued on September 5, 2006 by the U.S. Patent and Trademark Office to StatSignal IPC, LLC, the assignee of the named inventor T. David Petite. A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

3.      U.S. Patent No. 6,437,692 (the "'692 Patent"), entitled, "System and Method for Monitoring and Controlling Remote Devices" was duly and legally issued on August 20, 2002 by the U.S. Patent and Trademark Office to StatSignal IPC, LLC, the assignee of the named inventor T. David Petite.  A true and correct copy of the '692 Patent is attached hereto as Exhibit B.

4.      U.S. Patent No. 7,697,492 (the "'492 Patent"), entitled "Systems and Methods for Monitoring and Controlling Remote Devices," was duly and legally issued on April 13, 2010 by the U.S. Patent and Trademark Office to SIPCO, LLC, the assignee of the named inventor T. David Petite.  A true and correct copy of the '492 Patent is attached hereto as Exhibit C.

5.      Plaintiff SIPCO is the sole owner of the entire right, title, and interest in the '511 Patent, the '692 Patent, and the '492 Patent (collectively, the "Patents-in-Suit") by virtue of assignment.

6.      T. David Petite, the President of Plaintiff SIPCO, is the lead inventor of the technologies embodied in the Patents-in-Suit.  Mr. Petite is a pioneer in the field of wireless technology, and his inventions are widely deployed in a variety of products and networks throughout the United States.

7.      Mr. Petite has been widely recognized as an entrepreneur.  He is the founder of the Native American Inventors Association and is a member of the Professional Awards Selection Committee of the American Indian Science Engineering Society.

8.      Mr. Petite's contributions have been widely recognized as dozens of companies throughout the Smart Energy and home automation industries are either using his patented technology directly or have taken licenses to this technology, including, but not limited to, GE Appliances, Silver Spring Networks, Inc.,

Landis+Gyr, Itron, Inc., Eka Systems, Inc., Tendril Networks, Inc., ESCO Technologies Holding, Inc., Comverge Inc., Intermatic, Inc., Cooper US, Inc., Home Automation Inc., Advanced Sensor Technology, Elster Electricity, LLC, Hawking Technologies, Inc., Cypress Venture Group, Tantalus Systems Corp., Mesh City Inc., L.S. Research, LLC, and HomeSeer Technologies LLC.

9.     Each Defendant, as provided in more detail below, has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '511 Patent, the '692 Patent, and/or the '492 Patent in systems and methods without SIPCO's permission.

10.     Plaintiff SIPCO seeks damages for each Defendant's infringement of the '511 Patent, the '692 Patent, and/or the '492 Patent.

## PARTIES

11.     Plaintiff SIPCO is a Georgia limited liability corporation.  SIPCO's places of business are in Atlanta, Georgia and McKinney, Texas.

12.     Upon information and belief, Defendant ABB is a Delaware corporation, having its principal place of business at 12040 Regency Parkway Suite 200, Cary, North Carolina 27518-7708.

13.     Upon information and belief, Defendant Coulomb Technologies is a Delaware corporation, having its principal place of business at 1692 Dell Avenue, Campbell, California 95008.

14.     Upon information and belief, Defendant ECOtality is a Nevada corporation, with its principal place of business at 80 E. Rio Salado Parkway, Suite 710, Tempe, Arizona 85281.

15.     Upon information and belief, Defendant ECOtality NA is an Arizona corporation, with its principal place of business at 430 South 2nd Avenue, Phoenix, Arizona 85003.

16.     Upon information and belief, Defendant EnergyHub is a Delaware corporation, having its principal place of business at 232 3rd Street, Suite C201, Brooklyn, New York 11215.

17.     Upon information and belief, Defendant Jetlun is a California corporation, having its principal place of business at 88 Parkgrove Drive, South San Francisco, California 94080.

18.     Upon information and belief, Defendant Ingersoll-Rand is a New Jersey corporation, having its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

19.     Upon information and belief, Defendant Schlage Holding is a California corporation, having its principal place of business at 815 Connecticut Avenue NW, Washington, DC 20006-4004.

20.    Upon information and belief, Defendant Schlage Co. is a California corporation, having its principal place of business as 11819 North Pennsylvania Street, Carmel, Indiana 46032.

21.    Upon information and belief, Defendant Trane is a Delaware corporation, having its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855-6820.

22.    Upon information and belief, Defendant SmartLabs is a California corporation, having its principal place of business at 16542 Millikan Avenue, Irvine, CA 92660.

## JURISDICTION AND VENUE

23.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

24.    This Court has personal jurisdiction over ABB.  ABB has branch offices located throughout the state of Texas, regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  ABB has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  ABB can be served with process

through its registered agent, C T Corporation, at 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201.

25.     This Court has personal jurisdiction over Coulomb Technologies. Coulomb Technologies regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Coulomb Technologies has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Coulomb Technologies can be served with process through its registered agent, Jorge Del Calvo, at 2475 Hanover Street, Palo Alto, California 94304.

26.     This Court has personal jurisdiction over ECOtality.  ECOtality regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  ECOtality has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. ECOtality can be served with process through its registered agent, M&H Agent Services Inc., at 1850 North Central Avenue, Suite 2100, Phoenix, Arizona 85004-4584.

27.     This Court has personal jurisdiction over ECOtality NA.  ECOtality NA regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  ECOtality NA has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. ECOtality NA can be served with process through its registered agent, Donald Karner, at 430 South 2nd Avenue, Phoenix, Arizona 85003. ECOtality and ECOtality NA will be referred to herein individually and collectively as "the ECOtality Defendants."

28.     This Court has personal jurisdiction over EnergyHub.  EnergyHub regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  EnergyHub has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  EnergyHub can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

29.     This Court has personal jurisdiction over Jetlun.  Jetlun  regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Jetlun has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Jetlun can be served with process through its registered agent, Elsa Chan, at 88 Parkgrove Drive, South San Francisco, California 94080.

30.     This Court has personal jurisdiction over Ingersoll-Rand.  Ingersoll-Rand has branch offices throughout Texas, is registered in Texas, regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Ingersoll-Rand has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States.  Ingersoll-Rand can be served with process through its registered agent, C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201.

31.     This Court has personal jurisdiction over Schlage Holding.  Schlage Holding regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Schlage Holding has been doing business in this judicial

district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Schlage Holding can be served with process through its registered agent, C T Corporation System, at 818 West 7th Street, Los Angeles, California 90017-3407.

32. This Court has personal jurisdiction over Schlage Co. Schlage Co. regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court. Schlage Co. has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Schlage Co. can be served with process through its registered agent, C T Corporation System, at 818 West 7th Street, Los Angeles, California 90017-3407.

33. This Court has personal jurisdiction over Trane. Trane has a divisional headquarters located at 6200 Troupe Highway, Tyler, Texas 7507, regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court. Trane has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter

claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. Trane can be served with process through its registered agent, The Corporation Trust Company, at 820 Bear Tavern Road, West Trenton, New Jersey 08628. Ingersoll-Rand, Schlage Holding, Schlage Co. and Trane will be referred to herein individually and collectively as "the Ingersoll-Rand Defendants."

34. This Court has personal jurisdiction over SmartLabs. SmartLabs makes its products available for sale over the Internet throughout the United States, regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court. SmartLabs has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the Patents-in-Suit, in this judicial district and elsewhere in the United States. SmartLabs can be served with process through its registered agent, Joseph J. Dada, at 1101 Berkshire, Newport Beach, California 92660.

35. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants have done business in this judicial district, committed acts of infringement in this judicial district, and continue to commit acts of infringement in this judicial district, all of which entitle SIPCO to relief.

## COUNT I – INFRINGEMENT OF THE '511 PATENT

36.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 35 of this Complaint and incorporates them by reference.

37.     SIPCO is the sole owner of the entire right, title, and interest in the '511 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

38.     Defendant ABB has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its wireless industrial control systems and components thereof, in violation of 35 U.S.C. § 271.

39.     Defendant Coulomb Technologies has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless

network technology similar to that found in its Electric Vehicle Charging Stations and ChargePoint Network and components thereof, in violation of 35 U.S.C. § 271.

40. The ECOtality Defendants have infringed and continue to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EV Project, Blink Network and EV Charging Stations and components thereof, in violation of 35 U.S.C. § 271.

41. Defendant EnergyHub has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy management systems and components thereof, in violation of 35 U.S.C. § 271.

42. Defendant Jetlun has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing

wireless network products, including, without limitation, wireless network technology similar to that found in its Jetlun Intelligent Management solution and components thereof, in violation of 35 U.S.C. § 271.

43.    The Ingersoll-Rand Defendants have infringed and continue to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in their Schlage LiNK System and components thereof, in violation of 35 U.S.C. § 271.

44.    Defendant SmartLabs has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy monitoring and home automation systems and components thereof, in violation of 35 U.S.C. § 271.

45.    Defendants' directly contribute and induce infringement through supplying infringing systems and components to customers.  Defendants' customers who purchase systems and components thereof and operate such

systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '511 Patent in violation of 35 U.S.C. § 271.

46.     The acts of infringement of the '511 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '511 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court

47.     The Defendants, and each of them, have had actual or constructive knowledge of the '511 Patent, yet each of them continues to infringe said patent. The infringement of the '511 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '692 PATENT

48.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 47 of this Complaint and incorporates them by reference

49.     SIPCO is the sole owner of the entire right, title, and interest in the '692 Patent by virtue of assignment, including all rights necessary to prosecute this

case and collect all damages, past, present and future, resulting from Defendants' infringement.

50.     Defendant ABB has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its wireless industrial control systems and components thereof, in violation of 35 U.S.C. § 271.

51.     Defendant Coulomb Technologies has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Electric Vehicle Charging Stations and ChargePoint Network and components thereof, in violation of 35 U.S.C. § 271.

52.     The ECOtality Defendants have infringed and continue to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate

infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EV Project, Blink Network and EV Charging Stations and components thereof, in violation of 35 U.S.C. § 271.

53. Defendant EnergyHub has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy management systems and components thereof, in violation of 35 U.S.C. § 271.

54. Defendant Jetlun has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Jetlun Intelligent Management solution and components thereof, in violation of 35 U.S.C. § 271.

55. The Ingersoll-Rand Defendants have infringed and continue to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale,

and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in their Schlage LiNK System and components thereof, in violation of 35 U.S.C. § 271.

56.     Defendant SmartLabs has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy monitoring and home automation systems and components thereof, in violation of 35 U.S.C. § 271.

57.     Defendants' directly contribute and induce infringement through supplying infringing systems and components to customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '692 Patent in violation of 35 U.S.C. § 271.

58.     The acts of infringement of the '692 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a

result of their wrongful acts in an amount subject to proof at trial. The infringement of SIPCO's exclusive rights under the '692 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court

59. The Defendants, and each of them, have had actual or constructive knowledge of the '692 Patent, yet each of them continues to infringe said patent. The infringement of the '692 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '492 PATENT

60. SIPCO restates and realleges the allegations set forth in paragraphs 1 through 59 of this Complaint and incorporates them by reference

61. SIPCO is the sole owner of the entire right, title, and interest in the '492 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

62. Defendant ABB has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing

wireless network products, including, without limitation, wireless network technology similar to that found in its wireless industrial control systems and components thereof, in violation of 35 U.S.C. § 271.

63.    Defendant Coulomb Technologies has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Electric Vehicle Charging Stations and ChargePoint Network and components thereof, in violation of 35 U.S.C. § 271.

64.    The ECOtality Defendants have infringed and continue to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EV Project, Blink Network and EV Charging Stations and components thereof, in violation of 35 U.S.C. § 271.

65.    Defendant EnergyHub has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling,

without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy management systems and components thereof, in violation of 35 U.S.C. § 271.

66. Defendant Jetlun has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Jetlun Intelligent Management solution and components thereof, in violation of 35 U.S.C. § 271.

67. The Ingersoll-Rand Defendants have infringed and continue to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in their Schlage LiNK System and components thereof, in violation of 35 U.S.C. § 271.

68. Defendant SmartLabs has infringed and continues to infringe one or more claims of the '492 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its energy monitoring and home automation systems and components thereof, in violation of 35 U.S.C. § 271.

69.     Defendants' directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '492 Patent in violation of 35 U.S.C. § 271.

70.     The acts of infringement of the '492 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial. The infringement of SIPCO's exclusive rights under the '492 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court

71.     The Defendants, and each of them, have had actual or constructive knowledge of the '492 Patent, yet each of them continues to infringe said patent.

The infringement of the '492 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, SIPCO prays for the following relief against Defendants:

A. A judgment that Defendants, as set forth above, have directly infringed the '511 Patent, contributorily infringed the '511 Patent, and/or induced infringement of the '511 Patent;

B. A judgment that Defendants, as set forth above, have directly infringed the '692 Patent, contributorily infringed the '692 Patent, and/or induced infringement of the '692 Patent;

C. A judgment that Defendants, as set forth above, have directly infringed the '492 Patent, contributorily infringed the '492 Patent, and/or induced infringement of the '492 Patent;

D. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

E. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendant's willful infringement;

F. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents,

servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '511 Patent, as set forth herein;

G. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '692 Patent, as set forth herein;

H. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '492 Patent, as set forth herein;

I. A judgment and order requiring Defendants, and each of them, to pay SIPCO pre-judgment and post-judgment interest on the full amounts of the damages awarded;

J. A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

K.     Such other and further relief as this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues so triable be determined by a jury.


Respectfully submitted, this 31st day of January, 2011.


WARD & SMITH LAW FIRM

/s/ T. John Ward, Jr.
T. JOHN WARD, JR. (State Bar No. 00794818)
JACK WESLEY HILL (State Bar No. 24032294)
P.O. Box 1231 Longview, TX 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

OF COUNSEL
John C. Herman
Ryan K. Walsh
Jason S. Jackson
Peter M. Jones
Jessica M. Kattula
Matthew P. Warenzak
ROBBINS GELLER RUDMAN & DOWD LLP
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
(404) 504-6500 (telephone)
(404) 504-6501 (fax)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
jjackson@rgrdlaw.com
pjones@rgrdlaw.com
jkattula@rgrdlaw.com
mwarenzak@rgrdlaw.com