**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
<u>TYLER DIVISION</u>**

| | | |
|---|---|---|
| SIPCO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:11-cv-48-LED |
| | ) | |
| v. | ) | |
| | ) | |
| ABB INC.; COULOMB TECHNOLOGIES, | ) | |
| INC.; ECOTOTALITY, INC.; ELECTRIC | ) | |
| TRANSPORTATION ENGINEERING | ) | **JURY TRIAL DEMANDED** |
| CORPORATION DBA ECOTOTALITY | ) | |
| NORTH AMERICA; ENERGYHUB, INC. | ) | |
| JETLUN CORPORATION; INGERSOL- | ) | |
| RAND COMPANY; INGERSOLL-RAND | ) | |
| SCHLAGE LOCK HOLDING COMPANY | ) | |
| LLC; SCHLAGE LOCK COMPANY; | ) | |
| TRANE, INC.; AND SMARTLABS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COULOMB TECHNOLOGIES, INC.'S FIRST AMENDED
<u>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM</u>**

Defendant, Coulomb Technologies, Inc. ("Coulomb"), by and through its attorneys, hereby responds to each of the numbered paragraphs in the Complaint [D.E. #1] filed against it by Plaintiff SIPCO, LLC ("SIPCO") as follows:

1. Coulomb admits that this action purports to be one arising under the patent laws of the United States Code, 35 U.S.C. §§ 101 *et seq*. Coulomb denies that it infringes any of SIPCO's patents, and therefore denies that it has willfully infringed same. Coulomb lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2. Coulomb admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 7,103,511 ("the '511 Patent"), reflecting an issue date of September 5, 2006.

Coulomb denies that the '511 Patent was duly and legally issued.  Coulomb lacks knowledge or information sufficient to form a belief regarding the assignment of the '511 Patent and therefore denies that SIPCO is the assignee of the '511 Patent.

3.      Coulomb admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,437,692 ("the '692 Patent"), reflecting an issue date of August 20, 2002.  Coulomb denies that the '692 Patent was duly and legally issued.  Coulomb lacks knowledge or information sufficient to form a belief regarding the assignment of the '692 Patent, and therefore denies that SIPCO is the assignee of the '692 Patent.

4.      Coulomb admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 7,697,492 ("the '492 Patent"), reflecting an issue date of April 13, 2010.  Coulomb denies that the '492 Patent was duly and legally issued.  Coulomb lacks knowledge or information sufficient to form a belief regarding the assignment of the '492 Patent, and therefore denies that SIPCO is the assignee of the '492 Patent.

5.      Coulomb is without knowledge or information sufficient to form a belief regarding the ownership of the '511 Patent, the '692 Patent and the '492 Patent (collectively, the "Patents-in-Suit"), and therefore denies that SIPCO is the owner of the Patents-in-Suit.

6.      Coulomb admits that a "Thomas D. Petite" is named as an inventor on the face of the '511 Patent and the '692 Patent.  Coulomb further admits that a "Thomas David Petite" is listed as an inventor on the face of the '492 Patent.  Coulomb lacks knowledge or information sufficient to form a belief regarding all other allegations of Paragraph 6 of the Complaint, and therefore denies same.

7.      Coulomb lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph 7 of the Complaint, and therefore denies same.

8.      Coulomb lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of the Complaint, and therefore denies same.  All other allegations of Paragraph 8 of the Complaint are denied as to Coulomb, and as to the other named Defendants, Coulomb lacks knowledge or information sufficient to form a belief as to such allegations and therefore those allegations are denied.

9.      Coulomb denies that it has made, used, imported and/or sold, and/or continues to make, use import and/or sell the technology claimed by the Patents-in-Suit.  Coulomb lacks knowledge or information sufficient to form a belief as to the actions of the other named Defendants, and therefore denies all allegations of Paragraph 9 of the Complaint as they relate to the other named Defendants.

10.      Coulomb admits only that SIPCO is alleging that the Patents-in-Suit have been infringed and is seeking damages for same.  Coulomb denies all other allegations in Paragraph 10 of the Complaint are denied with respect to Coulomb.  With respect to the other named Defendants, Coulomb lacks knowledge or information sufficient to form a belief as to all other allegations in Paragraph 10 of the Complaint, and therefore those allegations are denied.

## PARTIES

11.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint, and therefore denies same.

12.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint, and therefore denies same.

13.      Coulomb admits that it is a corporation formed under the laws of the state of Delaware, and has a place of business at 1692 Dell Avenue, Campbell, California 95008.

14.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint, and therefore denies same.

15.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies same.

16.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies same.

18.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint, and therefore denies same.

19.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint, and therefore denies same.

20.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint, and therefore denies same.

21.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint, and therefore denies same.

22.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

23.     Coulomb admits that this action purportedly arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

24.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint, and therefore denies same.

25.     Coulomb admits only that it conducts some business in the state of Texas and that it can be served with process through its registered agent in Palo Alto, California. Coulomb denies all other allegations in Paragraph 25 of the Complaint.

26.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint, and therefore denies same.

27.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint, and therefore denies same.

28.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint, and therefore denies same.

29.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint, and therefore denies same.

30.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint, and therefore denies same.

31.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint, and therefore denies same.

32.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint, and therefore denies same.

33.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint, and therefore denies same.

34.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint, and therefore denies same.

35.     Coulomb denies that it has committed any acts of infringement in this judicial district or elsewhere, and further states that it lacks sufficient contacts with this judicial district to

"reside" therein.  Coulomb lacks knowledge or information sufficient to form a belief as to the contacts that the other named Defendants have to this judicial district, and therefore denies that venue is proper in this judicial district.

## COUNT I

36.     Coulomb restates and incorporates herein its responses to Paragraphs 1 through 35 of the Complaint as set forth above.

37.     Coulomb lacks knowledge or information sufficient to form a belief as to the ownership or assignment of the '511 Patent, and therefore denies all allegations of Paragraph 37 of the Complaint.

38.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 of the Complaint, and therefore denies same.

39.     Coulomb denies that its Electric Vehicle Charging Stations and ChargePoint Network products and/or similar Coulomb products infringe the '511 Patent.  Coulomb further denies that it has directly infringed or continues to infringe, that it has contributed to infringement by others of, and that it has actively induced others to infringe, any valid claim of the '511 Patent.

40.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint, and therefore denies same.

41.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint, and therefore denies same.

42.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint, and therefore denies same.

43.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Complaint, and therefore denies same.

44.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint, and therefore denies same.

45.     Coulomb denies that it supplies infringing systems and components to its customers, denies that its customers directly infringe any valid claims of the '511 Patent, and further denies that it directly contributes and induces infringement of same.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Complaint against the other named Defendants, and therefore denies same.

46.     Coulomb denies that it has infringed the '511 Patent, denies that it has damaged SIPCO, and denies that SIPCO is entitled to recover damages from Coulomb.  Coulomb further states that it lacks knowledge as to SIPCO's rights to the '511 Patent, and denies that it has caused SIPCO irreparable harm with no adequate remedy at law, and further denies that an injunction is appropriate.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint against the other named Defendants, and therefore denies same.

47.     Coulomb denies that it had actual or constructive knowledge of the '511 Patent, denies that it has infringed any valid claim of the '511 Patent, willfully, deliberately or otherwise.  Coulomb therefore denies that SIPCO is entitled to any damages, let alone increased or enhanced damages or attorneys' fees or costs.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 47 of the Complaint against the other named Defendants, and therefore denies same.

## COUNT II

48.      Coulomb restates and incorporates herein its responses to Paragraphs 1 through 47 of the Complaint as set forth above.

49.      Coulomb lacks knowledge or information sufficient to form a belief as to the ownership or assignment of the '692 Patent, and therefore denies all allegations of Paragraph 37 of the Complaint.

50.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the Complaint, and therefore denies same.

51.      Coulomb denies that its Electric Vehicle Charging Stations and ChargePoint Network products and/or similar Coulomb products infringe the '692 Patent.  Coulomb further denies that it has directly infringed or continues to infringe, that it has contributed to infringement by others of, and that it has actively induced others to infringe, any valid claim of the '692 Patent.

52.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 52 of the Complaint, and therefore denies same.

53.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the Complaint, and therefore denies same.

54.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 54 of the Complaint, and therefore denies same.

55.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Complaint, and therefore denies same.

56.      Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 of the Complaint, and therefore denies same.

57.     Coulomb denies that it supplies infringing systems and components to its customers, denies that its customers directly infringe any valid claims of the '692 Patent, and further denies that it directly contributes and induces infringement of same.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 57 of the Complaint against the other named Defendants, and therefore denies same.

58.     Coulomb denies that it has infringed the '692 Patent, denies that it has damaged SIPCO, and denies that SIPCO is entitled to recover damages from Coulomb.  Coulomb further states that it lacks knowledge as to SIPCO's rights to the '692 Patent, and denies that it has caused SIPCO irreparable harm with no adequate remedy at law, and further denies that an injunction is appropriate.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 58 of the Complaint against the other named Defendants, and therefore denies same.

59.     Coulomb denies that it had actual or constructive knowledge of the '692 Patent, denies that it has infringed any valid claim of the '692 Patent, willfully, deliberately or otherwise.  Coulomb therefore denies that SIPCO is entitled to any damages, let alone increased or enhanced damages or attorneys' fees or costs.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 of the Complaint against the other named Defendants, and therefore denies same.

## **COUNT III**

60.     Coulomb restates and incorporates herein its responses to Paragraphs 1 through 59 of the Complaint as set forth above.

61.     Coulomb lacks knowledge or information sufficient to form a belief as to the ownership or assignment of the '692 Patent, and therefore denies all allegations of Paragraph 61 of the Complaint.

62.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 of the Complaint, and therefore denies same.

63.     Coulomb denies that its Electric Vehicle Charging Stations and ChargePoint Network products and/or similar Coulomb products infringe the '492 Patent.  Coulomb further denies that it has directly infringed or continues to infringe, that it has contributed to infringement by others of, and that it has actively induced others to infringe, any valid claim of the '492 Patent.

64.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 64 of the Complaint, and therefore denies same.

65.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 65 of the Complaint, and therefore denies same.

66.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 66 of the Complaint, and therefore denies same.

67.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 67 of the Complaint, and therefore denies same.

68.     Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 of the Complaint, and therefore denies same.

69.     Coulomb denies that it supplies infringing systems and components to its customers, denies that its customers directly infringe any valid claims of the '492 Patent, and further denies that it directly contributes and induces infringement of same.  Coulomb lacks

knowledge or information sufficient to form a belief as to the allegations of Paragraph 69 of the Complaint against the other named Defendants, and therefore denies same.

70.     Coulomb denies that it has infringed the '492 Patent, denies that it has damaged SIPCO, and denies that SIPCO is entitled to recover damages from Coulomb.  Coulomb further states that it lacks knowledge as to SIPCO's rights to the '492 Patent, and denies that it has caused SIPCO irreparable harm with no adequate remedy at law, and further denies that an injunction is appropriate.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 70 of the Complaint against the other named Defendants, and therefore denies same.

71.     Coulomb denies that it had actual or constructive knowledge of the '492 Patent, denies that it has infringed any valid claim of the '492 Patent, willfully, deliberately or otherwise.  Coulomb therefore denies that SIPCO is entitled to any damages, let alone increased or enhanced damages.  Coulomb lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 71 of the Complaint against the other named Defendants, and therefore denies same.

72.     Coulomb denies all allegations in the Complaint not specifically admitted or responded to herein.

## AFFIRMATIVE DEFENSES

Coulomb hereby asserts the following affirmative defenses without prejudice to Coulomb's right to modify or withdraw any defense and/or assert additional defenses subject to information obtained through the formal discovery process.

## FIRST AFFIRMATIVE DEFENSE

Coulomb has not infringed, either literally or under the doctrine of equivalents, has not contributed to the infringement of others of, and has not actively induced others to infringe, any valid claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE

One or more claims of the Patents-in-Suit are invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code, including without limitations, §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

SIPCO is estopped from asserting infringement of one or more claims of the Patents-in-Suit by virtue of the fact that during the proceedings related to the issuance of the Patents-in-Suit in the United States Patent and Trademark Office, the admissions, representations and amendments made by the Applicants and/or their attorneys prevent a construction of the claims that encompasses any product made, used, sold, offered for sale or imported by Coulomb.

## FOURTH AFFIRMATIVE DEFENSE

SIPCO has failed to comply with the provisions of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

SIPCO has come to the Court with unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

SIPCO's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

SIPCO's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

SIPCO's complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

SIPCO has not suffered any injury or damages.

## TENTH AFFIRMATIVE DEFENSE

SIPCO has failed to mitigate any injury or damages it may have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

SIPCO is not entitled to equitable relief because it has an adequate remedy at law.

## TWELVTH AFFIRMATIVE DEFENSE

SIPCO is not entitled to a finding of willful infringement or enhanced damages because Coulomb did not have knowledge of the Patents-in-Suit and believes in good faith that it does not infringe any valid claims of the Patents-in-Suit, that the Patents-in-Suit are invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code. Consequently there was no objectively defined risk that Coulomb's actions infringed a valid patent, and Coulomb neither knew nor should have known of any such risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

SIPCO did not plead its claim of willful infringement with sufficient specificity or factual support to put Coulomb on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

SIPCO is not entitled to a finding of inducement of infringement against Coulomb because Coulomb did not have knowledge of any of the Patents-in-Suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is an absence of liability for all the foregoing reasons and for any additional reason permitted at law and/or equity.  Coulomb reserves the right to raise an additional defense of unenforceability of the '511 Patent, the '692 Patent and the '492 Patent due to inequitable conduct should facts be discovered that warrant assertion of such a defense.

## COUNTERCLAIMS

Counter-Plaintiff Coulomb Technologies, Inc. ("Coulomb") asserts the following counterclaims against Counter-Defendant SIPCO, LLC ("SIPCO") and alleges:

1.      Coulomb repeats and incorporates herein by reference Paragraphs 1 through 72 above.

2.      Coulomb makes, uses, offers to sell or sells wireless network products and services, including its Electric Vehicle Charging Stations and ChargePoint Network products and similar products ("Wireless Network Products").

3.      In its Complaint, SIPCO has asserted that certain of Coulomb's Wireless Network Products infringe United States Patent Nos. 7,103,511 ("the '511 Patent"), 6,437,692 ("the '692 Patent"), and 7,697,492 ("the '492 Patent," collectively, "the Patents-in-Suit").

4.      Coulomb denies SIPCO's charge of infringement under the Patents-in-Suit, and alleges that the Patents-in-Suit are not infringed, are invalid and/or are unenforceable.

## PARTIES

5.      Coulomb is a Delaware corporation having offices at 1692 Dell Avenue, Campbell, California.

6.      On information and belief, SIPCO is a Georgia limited liability company with a principal place of business at 636 South Central Avenue, Suite 201, Atlanta, Georgia.

## JURISDICTION AND VENUE

7.     This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Coulomb seeks declaratory judgment under the Declaratory Judgment Act.  Thus, the Court has jurisdiction over the subject matter of this matter under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.     This Court has personal jurisdiction over SIPCO because SIPCO sued Coulomb in this judicial District, and because, on information and belief, SIPCO maintains an office in McKinney, Texas, and regularly conducts business activities in the state of Texas and this judicial district.

9.     Venue is proper for Coulomb's counterclaims based on 28 U.S.C. §§ 1391 and 1400 and because SIPCO sued Coulomb in this judicial district.

## COUNT I
### (The Patents-in-Suit Are Not Infringed)

10.     Coulomb repeats and incorporates herein by reference in their entirety Paragraphs 1 through 72 of the Answer and Paragraphs 1 through 9 of this Counterclaim.

11.     SIPCO contends that Coulomb infringes the Patents-in-Suit.

12.     Coulomb denies SIPCO's contentions and alleges that the Patents-in-Suit and each of their claims are not infringed, either literally or under the doctrine of equivalents.

13.     An actual, live and justiciable controversy exists between Coulomb and SIPCO as to whether Coulomb's Wireless Network Products infringe SIPCO's alleged rights under the Patents-in-Suit.

14.     As a result, Coulomb seeks, and is entitled to, a judgment against SIPCO that the Patents-in-Suit, and each of their claims, are not infringed, either literally or under the doctrine of equivalents.

15

## COUNT II
### (The Patents-in-Suit are Invalid)

15.     Coulomb repeats and incorporates herein by reference in their entirety Paragraphs 1 through 72 of the Answer and Paragraphs 1 through 9 of this Counterclaim.

16.     SIPCO contends that the Patents-in-Suit are valid.

17.     Coulomb denies SIPCO's contentions and alleges that the Patents-in-Suit and each of their claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and 112.

18.     An actual, live and justiciable controversy exists between Coulomb and SIPCO as to whether the Patents-in-Suit and each of their claims are valid.

19.     As a result, Coulomb seeks, and is entitled to, a judgment against SIPCO that the Patents-in-Suit, and each of their claims, are invalid.

## COUNT III
### (Declaration of Non-Interference With Patent Rights)

20.     Coulomb repeats and incorporates herein by reference in their entirety Paragraphs 1 through 72 of the Answer and Paragraphs 1 through 19 of this Counterclaim.

21.     On information and belief, an actual, live and justiciable controversy exists concerning Coulomb's freedom to operate free of infringement claims by SIPCO, and as a result Coulomb seeks, and is entitled to, a judgment against SIPCO that Coulomb is not infringing any valid and enforceable claim of SIPCO's patents.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Coulomb Technologies, Inc. respectfully requests the following relief:

16

(a)     That the Court deny SIPCO any and all relief under its Complaint;

(b)     That the Court dismiss the Complaint against Coulomb in its entirety, with prejudice;

(c)     That the Court declare that the Coulomb does not infringe, literally or under the doctrine of equivalents, and any valid claim of the Patents-in-Suit;

(d)     That the Court declare that the claims of the Patents-in-Suit are invalid;

(e)     That the Court declare that Coulomb may operate free of any cloud of patent infringement claims by SIPCO;

(f)     That the Court find that this is an exceptional case under 35 U.S.C. §285;

(g)     That the Court award Coulomb its attorneys' fees, costs and interest incurred in this action; and

(h)     That the Court grant Coulomb any additional relief, either in law or equity, as the Court determines is just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Coulomb hereby demands a jury trial as provided by law.

Respectfully submitted this 5th day of July, 2011.

By: /s Javier Sobrado

**DARYL L. DERRYBERRY**
State Bar Card No. 05774600
**CRAIG D. ZIPS**
State Bar Card No. 00797729
**DERRYBERRY & ZIPS, P.L.L.C**
100 E. Ferguson St.
Suite 1212
Tyler, TX 75702
(903) 526-2767
(903) 526-2714 fax
Email:  dld@dzlawgroup.com
Email:  czips@dzlawgroup.com

FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Tel:     (305) 358-5001
Fax:     (305) 358-3309
    James A. Gale
    JGale@FeldmanGale.com
    Javier Sobrado
    JSobrado@FeldmanGale.com

FELDMANGALE, P.A.
1700 Market Street, Suite 3130
Philadelphia, PA 19103
Tel:     (267) 414-1300
Fax:     (267) 567-2648
    Nicole D. Galli
    NGalli@FeldmanGale.com
    Gregory L. Hillyer
    GHillyer@FeldmanGale.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 5th, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.


　　　　　　　　　　　　　　 /s Javier Sobrado _____
　　　　　　　　　　　　　　 Javier Sobrado