# EXHIBIT 1

**BARNES &THORNBURG** LLP

Paul B. Hunt
(317) 231-7453
phunt@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

January 27, 2012

Hon. Leonard Davis
William M. Steger Federal Building and
   United States Courthouse
211 W. Ferguson, 3rd Floor
Tyler, TX 75702

      Re:    *SIPCO, LLC v. ABB Inc., et al., Case No. 6:11-cv-0048*

Dear Judge Davis:

     The Schlage/Trane defendants (including Ingersoll Rand Company, Ingersoll Rand Schlage Lock Holding Company LLC, Schlage Lock Company LLC and Trane, Inc.) respectfully request permission to file a motion for summary adjudication that several of the claims asserted by SIPCO against the Schlage/Trane defendants are invalid, for failing to satisfy the written description requirement of 35 U.S.C. § 112(2).

     SIPCO has asserted 84 claims, spread across three different patents, against the Schlage/Trane defendants.  Sprinkled throughout the claims of the asserted patents are several claim terms written in a "means-plus-function" format, such as are permitted under 35 U.S.C. § 112(6).  However, although these patents benefit from this claim convention, the SIPCO patents fail to satisfy the attendant obligations required under 35 U.S.C. 35 U.S.C. § 112(2).  In almost every instance in which the SIPCO patents utilize a means-plus-function claim element, the patent specification fails to clearly link to or associate structure with the claimed function.  This obligation "is the *quid pro quo* for the convenience of employing Section 112, ¶6."  *Default Proof Credit Card System, Inc. v. Home Depot USA, Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005).  This failing dooms the SIPCO claims in question.  These claims fail to satisfy § 112(2), are indefinite, and are thus invalid.

## I.      Legal Standard

     Every valid patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112(2). This statutory provision, the so-called "definiteness" requirement, is critical to the patent process. The purpose of the standard "is to ensure that the claims delineate the scope of the invention using language that adequately notifies the public of the patentee's right to exclude." *Datamize, LLC v. Plumtree*

Hon. Leonard Davis
January 27, 2012
Page 2

*Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). "Without the safeguards of this provision, competitors would be unable to identify the boundaries of the patented invention, thereby defeating the public notice function of patent claims." *Haliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008).

Means-plus-function claims, expressly permitted under 35 U.S.C. § 112(6), are claims in which an element of the claim is expressed as a means or step for performing a specified function, without the recital of structure in support thereof.  If the patentee chooses to write a claim element in this format, he assumes specific obligations:

> If one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language.  If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112.

*Default Proof Credit Card Systems*, 412 F.3d 1291, 1298 (citing *In re Donaldson Co.*, 16 F.3d 1189, 1195 (Fed. .Cir. 1994) (en banc).  In other words, the patent specification must clearly identify structure capable of performing the claimed function.  *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1379 (Fed. Cir. 2001).

However, the patent specification must do more than simply identify structure that could potentially perform the claimed function—it must clearly link the structure disclosed to the claimed function.  "The duty of a patentee to clearly link or associate structure with the claimed function is the quid pro quo for allowing the patentee to express the claim in terms of function under section 112, paragraph 6." *Medical Instrumentation and Diagnostics Corporation v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003); *see also Default Proof Credit Card System*, 412 F.3d 1291, 1298 ("a structure disclosed in a specification qualifies as 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim.").

All patent claim elements, not just means-plus-function claim elements, must satisfy Section 112(2).  Some of the claim terms asserted by SIPCO use words of degree—words describing the extent, measure or scope of an action.  Patent claims that utilize this language must describe a way to determine that scope:  "When a 'word of degree' is used, the court must determine whether the patent provides 'some standard for measuring that degree.'" *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) (citing *Seattle Box Co., Inc. v. Indus Crating & Packing, Inc.*, 731 F.2d 818 (Fed. Cir. 1984)).

Hon. Leonard Davis
January 27, 2012
Page 3

## II.      The SIPCO Claims

In most every instance, the corresponding patent specification fails to clearly link structure to the claimed function. For example, claim 22 of the '492 patent recites:

means for data transfer

This claim element uses the convenience of the "means-plus-function" drafting convention, but fails to provide the *quid pro quo*. Nowhere does the '492 patent specifically link or associate any structure with the function of "transferring data."

In its proposed claim charts, SIPCO asserts that this claim element is not a means-plus-function claim. It is difficult to imagine how such an argument could be supported.

First, the Federal Circuit has placed a heavy presumption on claim elements that use the word "means." *See, e.g., Sage Prods., Inc. v. Devon Inds., Inc.*, 126 F.3d 1420, 1427 (Fed. Cir. 1997) ("The use of the word 'means,' which is part of the classic template for functional claim elements, gives rise to 'a presumption that the inventor used the term advisedly to invoke the statutory mandates for means-plus-function clauses.') (citations omitted). SIPCO has provided no basis for challenging this heavy presumption.

Second, for its part, SIPCO has failed to identify where in the '492 patent the associated structure can be found. In fact, for every means-plus-function claim element that the Schlage/Trane defendants have identified as indefinite, SIPCO fails to point to any corresponding structure in the patent specification. Based on SIPCO's proposed claim constructions, it seems that SIPCO concedes that if the claim element is to be construed under 35 U.S.C. § 112(6), it is invalid. SIPCO proposes neither a claimed function, nor an associated structure, with this claim element.

In addition to the means-plus-function claim elements, the SIPCO patents include claims using words of degree. For example, certain claims of the '692 patent use the phrase *"relatively* low power." But, the '692 patent does not describe anywhere "some standard for measuring" that degree. In fact, the '692 patent also includes claims that use the term "low power" and SIPCO has proposed identical constructions for both "relatively low power" and "low power," thereby ignoring the obvious linguistic difference between these two terms. *See, e.g., Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1119 (Fed. Cir. 2004) (refusing to read out the modifer "operatively" when construing the term "operatively connected" because "the patentee could as easily have used the word 'connected' alone" if he had not intended to give the term a different meaning). SIPCO has not identified any language in the '492 patent, or any other patent, that adequately describes the measure of degree required.

Hon. Leonard Davis
January 27, 2012
Page 4

## III.      Conclusion

This Court should permit the Schlage/Trane defendants to file a summary judgment motion that many of the claim terms asserted by SIPCO are invalid.  Such a motion would serve the interest of judicial efficiency and conserve resources of the parties and the Court.

Dated:  January 27, 2012                    Respectfully submitted,

                                                    Paul B. Hunt
                                                    Barnes & Thornburg LLP

cc:      Counsel of Record

INDS02 1204014v1