**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SIPCO, LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| **ENERGATE., et al,** | § | **6:10-cv-0533 LED-JDL** |
| | § | |
| *Defendants*. | § | **JURY TRIAL REQUESTED** |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| **ABB, INC., et al,** | § | **6:11-cv-0048 LED-JDL** |
| | § | |
| *Defendants*. | § | **JURY TRIAL REQUESTED** |

## ORDER

The two above captioned cases are set for a joint Claim Construction Hearing on March 22, 2012. The Court has reviewed the parties' Joint Claim Construction Chart and Prehearing Statements. *See* No. 6:11-cv-48, (Doc. No.168); No. 6:10-cv-533, (Doc. No. 158). There are four patents across the two actions, U.S. Pat. Nos. 7,103,511 and 7,697,492 are asserted against defendants in both actions. U.S. Pat. No. 6,437,692 is only asserted against defendants in the 6:11-cv-48 action and U.S. Pat. No. 6,914,893 is only asserted against Defendants in the 6:10-cv-533 action. Across the two actions, the parties have asked the Court to construe over 160 terms.[1] The Court is typically of the opinion that a reasonable number of terms for construction is ten. *See, e.g.,* JUDGE DAVIS REFERRAL DOCKET CONTROL ORDER (November 16, 2011). However, due to the

---

[1] As a practical matter, the Court questions whether it would be possible to adequately brief 160 terms within the page limits governing Claim Construction briefing. Indeed, even Plaintiff's chart of proposed constructions for 141 of the terms exceeds the Court's thirty page limit by three pages.

circumstances of these cases, the Court believes that construing fifteen terms would be reasonable.

Thus, the Court **ORDERS** the parties to meet and confer in an attempt to narrow the number of disputed terms to fifteen or fewer by **February 3, 2012**. The Court notes that the purpose of consolidating the Claim Construction Proceedings is to encourage the parties across the two cases to work together and to ensure that all Defendants have the opportunity to be heard in a cohesive, organized manner. Thus, as part of this meet and confer process, the parties are to collaborate to the extent possible to streamline the claim construction proceedings across the two cases.

If the parties cannot narrow the number of terms to fifteen or less, the parties shall submit a brief by **February 7, 2012** explaining why each term over fifteen must be construed, i.e., why each additional term is case or claim dispositive, and prioritizing such terms. If the motion is opposed, any response will be due on **February 10, 2012.** The current claim construction briefing schedule is stayed until further order by the Court. The Court notes, however, that the claim construction hearing will proceed as scheduled on March 22, 2012.

The Court further notes that the parties have asked for up five hours total for presentation at the claim construction hearing. However, the Court typically limits claim construction hearings to no more than three hours. The parties are reminded to consider what can reasonably be accomplished at the claim construction hearing and to prioritize their claim terms accordingly. The Court strongly encourages the parties to not merely rest on their briefs for disputed terms. If the terms are not important enough to the parties to require the parties' oral arguments, the Court questions whether the terms are material enough to warrant the Court's time and efforts to construe them. When the Court sets the number of terms to be heard at the claim construction hearing, the Court will also order revised time estimations for the hearing or will provide the allotted time for

the hearing.

**So ORDERED and SIGNED this 27th day of January, 2012.**

 

                        JOHN D. LOVE
                UNITED STATES MAGISTRATE JUDGE